1
2
3
4
5
6              **IN THE UNITED STATES DISTRICT COURT**
7                **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| P.C.J., et al., | No. CV-23-00780-PHX-DJH |
|         Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
|         Defendant. | |

      This matter having recently come before this Court, the parties are advised of the following preliminary policies and procedures that will govern these proceedings, and are ordered as follows.

<u>**Governing Rules**</u>

      Both counsel and *pro se* litigants must abide by the <u>Local Rules of Civil Procedure</u> ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the <u>Federal Rules of Civil Procedure</u>.

<u>**Service of Process**</u>

      Rule 4 of the Federal Rules of Civil Procedure requires that service of the summons and complaint must be accomplished on each defendant within ninety (90) days of the date of the filing of a complaint. Proof of service must be promptly filed with the Clerk of Court pursuant to Rule 4(l).

      If, for good reason, Plaintiff(s) cannot serve the summons and complaint on Defendant(s) within ninety (90) days, a request for an extension of time in which to serve

the summons and complaint may be filed with the Clerk of Court prior to the expiration of the 90-day period. Any request must set forth the reason why service has not been accomplished and request a specific short period of time in which to accomplish such service.

As will be repeated throughout the duration of this case, the Court has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the commencement of a case. Therefore, Plaintiff(s) are encouraged to expeditiously complete service and to avoid unnecessary delay so that the pretrial period may be preserved for discovery and motion practice.

Notice is hereby given that any Defendant that has not been timely served will be dismissed without prejudice from this action without further order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## Case Management Conference

The Court will schedule a case management conference in accordance with Rule 16 of the Federal Rules of Civil Procedure once Defendant(s) have been served or have appeared in the action. As will be directed in the order setting the conference, the parties will be required to engage in a Rule 26(f) meeting and submit a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order. Outstanding motions or requests to continue the Case Management Conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filings.

The Court will issue a Case Management Scheduling Order following the scheduled conference. The Order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions and will set forth additional policies and procedures that will apply in this case.

## Rule 12 Motions

Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant

must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must *attach* a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

### Amendments to the Pleadings

Parties shall endeavor not to oppose motions to amend that are filed prior to any Rule 16 Case Management Conference or the deadline set forth by any Rule 16 Case Management Order. Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

### Protective Orders

Although the parties may agree to designate materials or information as confidential, that does not mean that the Court will order that the filings containing such information be placed under seal. Any party wishing to seal a specific record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

### Corporate Statement

If applicable, full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required. A Corporate Disclosure Statement form is available on the District Court's Website.

### Filings

All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c). A paper copy of any document filed exceeding ten (10) pages in

length must be submitted to chambers. Documents which are too large for stapling must be submitted in a three-ring binder.  Electronic copies of proposed orders must be emailed in Microsoft Word® format to humetewa_chambers@azd.uscourts.gov.

### Communications with the Court

All communications with the Court regarding any case must be made on the record.  Telephone calls regarding routine administrative matters in civil cases may be directed to chambers at (602) 322-7600.  No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

### Noncompliance

The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED:**

1.      Plaintiff(s) must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than **August 3, 2023**;

2.      Plaintiff(s) must promptly serve a copy of this Order on Defendant(s) and file notice of service with the Clerk of Court; and

3.      Unless the Court orders otherwise, on **August 4, 2023**, the Clerk of Court, without further notice, shall **terminate** any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 8th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge