Allison Whitehill (036339)
Katie Rios (037110)
Todd Feltus (019076)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Tel: (602) 262-5311
Fax: (602) 262-5747
awhitehill@lewisroca.com
krios@lewisroca.com
tfeltus@lewisroca.com

Justin W. Bernick*
Alicia J. Paller*
Melissa Giangrande Jacobs*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com
alicia.paller@hoganlovells.com
melissa.giangrande@hoganlovells.com

*(Additional Counsel for Plaintiffs listed on the following page)*

*(*Admitted pro hac vice)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

P.C.J., on his own behalf and on behalf of his minor child, M.C.J.; and O.P.V. on his own behalf and on behalf of his minor child, T.P.C.

*Plaintiffs,*

v.

United States of America,

*Defendant.*

No. CV 2:23-00780-PHX-DJH

**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS**

**Additional Plaintiffs' counsel:**

Danielle Desaulniers Stempel*
Michael J. West*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
danielle.stempel@hoganlovells.com
michael.west@hoganlovells.com

David Willner*
HOGAN LOVELLS US LLP
Two North Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Tel: (303) 899-7300
Fax: (303) 899-7333
david.willner@hoganlovells.com

Javier Hidalgo*
REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)
P.O. Box 786100
San Antonio, TX 78278
Tel: (210) 469-4042
Fax: (210) 910-6588
javier.hidalgo@raicestexas.org

**Admitted pro hac vice*

Plaintiffs O.P.V., as the father and statutory representative of his minor son, and the young son, T.P.C. ("Minor") (collectively, "Plaintiffs"), hereby request that the Court approve the settlement of T.P.C.'s claims against the United States of America ("Defendant"). By email dated June 20, 2024, counsel for the United States indicated that Defendant does not oppose the relief Plaintiffs seek herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs brought this Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA"), case against Defendant for its mistreatment of T.P.C. and his father, O.P.V., while in custody of the United States. Plaintiffs allege that they were detained and forcibly and unlawfully separated by Defendant twice for approximately two months, which caused them serious injury.

Plaintiffs sought damages for these harms, bringing claims under the FTCA for intentional infliction of emotional distress, negligence, and loss of consortium. *See* ECF No. 1. Plaintiffs' allegations are described in detail in their Complaint. *Id.*

### I. The Settlement, Attorney's Fees, and Costs.

Plaintiffs filed their Complaint on May 5, 2023. ECF No. 1. Shortly thereafter, Plaintiffs moved this Court to proceed under pseudonym, which the Court granted. ECF Nos. 2, 7. Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiffs filed a Response, and Defendant filed a Reply. ECF No. 21, 30, 38. The Parties filed a Notice of Conditional Settlement on April 30, 2024. ECF No. 39. On April 30, 2024, the Court ordered that a Stipulation to Dismiss or a Status Report be filed on or before July 26, 2024. The Court further ordered that the Motion to Dismiss is denied without prejudice. ECF No. 40.

Thereafter, the parties engaged in settlement negotiations. Those negotiations have culminated in a settlement ("Settlement Agreement") whereby Defendant will pay

Plaintiffs $270,000 (hereinafter, the "Settlement Amount") in settlement of all claims, contingent on this Court's approval. The Settlement Agreement is attached as Exhibit A.[1]

Plaintiffs have agreed to the terms, conditions, and requirements of the Settlement Agreement. The Settlement Agreement is now contingent upon: (a) Plaintiffs obtaining this Court's approval for the Minor's portion of the Settlement Amount; and (b) approval of the Settlement by the United States Department of Justice. Defendant asserts that it is able to seek approval of the Settlement by the Attorney General only after Court approval is obtained. The Settlement Amount is apportioned evenly, with Plaintiff O.P.V. and Minor Plaintiff T.P.C each receiving $135,000 in settlement of their claims against Defendant. *See* Ex. A ¶ 3.

The Minor's portion of the Settlement will be placed in a pooled minor's trust administered by Legacy Enhancement. Distribution of funds to the Minor from the pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement. Permissible distributions until the Minor turns 18 years old include but are not limited to expenses related to education, health care and technology. Any funds remaining when the Minor reaches the age of 18 years old will be released to him in toto. Information about the pooled minor's trust and the agreement for funding the minor's trust are contained in Exhibit B hereto, which is a form agreement for the trust. Plaintiffs' counsel represent Plaintiffs *pro bono* in this matter and are not taking any attorneys' fees. Plaintiffs' counsel are also not recovering their costs out of the Settlement.

**II. Reasonableness of Settlement.**

The district court in "which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement

[1] The redactions in Exhibit A are instances where O.P.V.'s and T.P.C.'s full names were used in the agreement rather than their initials or the pseudonyms they were authorized to proceed under in this case.

serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *accord. Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2014 WL 880492, at *2 (D. Ariz. Mar. 6, 2014) (approving compromise settlement of minor's claim). To make that determination, a district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If those factors are established, then the settlement should be approved. *Id*. at 1182.

Plaintiffs believe the proposed Settlement provides for a fair and reasonable allocation of the settlement proceeds to T.P.C. based on his circumstances and the status of the case.[2] Here, T.P.C. would receive an equal share of the settlement—$135,000—which provides the recovery of a sum certain and avoids the delay and risks of further litigation.

The court also need not appoint a guardian ad litem to approve this settlement. "When a parent brings an action on behalf of her minor child, the child is not unrepresented within the meaning of Rule 17(c), and the Court need not consider whether to appoint a guardian ad litem unless a conflict of interest exists between the parent and the minor." *Tex. Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2024 WL 309942, at *2 (D. Ariz. Jan. 26, 2024). In situations like the instant case, where there is "no evidence

---

[2] Five other courts in this district have recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations. *See* Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUC-JCH (D. Ariz. Mar. 12, 2024), ECF No. 134 (hereinafter "A.I.I.L. Settlement Order") (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (hereinafter "N.R. Settlement Order") (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (hereinafter "Fuentes-Ortega Settlement Order") (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (hereinafter "F.R. Settlement Order") (approving settlement of $65,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *E.C.B. v. United States*, Case No. CV-22-00915-PHX-CDB (D. Ariz. Mar. 26, 2024), ECF No. 50 (hereinafter "E.C.B. Settlement Order") (approving settlement of $105,000 for the minor plaintiff).

indicating that [the parent] placed their interest above the interests of their children," courts in this district and others have held that there is no conflict of interest and a guardian ad litem need not be appointed, even if the settlement funds come from the same pool. *Id.* at *3; *see also Wright v. S. Ariz. Children's Advocacy Ctr.*, No. 21CV-00257, ECF No. 248 at 1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [] to represent [the minor's] interests in [the] action."); *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), aff'd 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). Furthermore, at least six other courts in this district have recently approved minor settlements of FTCA family separation lawsuits in which the minor's settlement proceeds were to be placed in a pooled minor's trust overseen by a fiduciary. E.S.M. Settlement Order, *supra*; E.C.B. Settlement Order, *supra*; A.I.I.L. Settlement Order, *supra*; N.R. Settlement Order, *supra*; Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84; Order Approving Settlement of Minor's Claims, *F.R. v. United States*, No. CV-21-00339-PHX-DLR, ECF No. 94 (D. Ariz. Nov. 1, 2023).

In this case, Plaintiff O.P.V. has not placed his interests above those of his child, T.P.C., and the Settlement Amount would be divided evenly among parent and child. Moreover, Plaintiff O.P.V.'s interests are aligned with those of his minor child, T.P.C., because both Plaintiffs are seeking damages for their alleged unlawful separation from each other. Further, the portions of the Settlement Amount allocated to Minor Plaintiff T.P.C. will be placed into a trust.

Thus, this Court has the power to approve the Settlement Agreement and grant O.P.V. the authority to consummate the Settlement on behalf of Minor Plaintiff T.P.C.

**III. Requested Action by the Court.**

Plaintiffs ask the Court to enter the accompanying proposed Order regarding the Minor Plaintiff's Settlement Agreement that provides as follows: (1) settlement of this action for $270,000; (2) allocation of the Settlement Amount such that Plaintiff O.P.V. and Minor Plaintiff T.P.C. would each receive half of the total sum (i.e., $135,000.00 each); and (3) placement of the entirety of the Settlement Amount allocated to Minor Plaintiff T.P.C. into a pooled minor's trust administered by Legacy Enhancement.

**IV. Hearing.**

The Court may approve this Settlement without a hearing. However, should the Court have any questions about the Settlement, Plaintiffs respectfully request that it conduct a hearing via telephone or video-teleconference to minimize costs.

RESPECTFULLY SUBMITTED this 20th day of June, 2024.


By: */s/ Alicia J. Paller*
Alicia J. Paller*
Justin W. Bernick*
Michael J. West*
Danielle Desaulniers Stempel*
Melissa Giangrande*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004

David Willner*
HOGAN LOVELLS US LLP
Two North Cascade Avenue, Suite 1300
Colorado Springs, CO 80903

Javier Hidalgo*
REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)
P.O. Box 786100
San Antonio, TX 78278

Katie Rios
Allison Whitehill
Todd Feltus
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

*Attorneys for Plaintiffs*
**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024, the foregoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants in this case:

GARY M. RESTAINO
United States Attorney
District of Arizona
LISA M. HEMANN
Assistant United States Attorney
Arizona State Bar No. 024703
JAVIER TORRES
Assistant United States Attorney
Arizona State Bar No. 032397
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Civil Fax: (602) 514-7760
Main Fax: (602) 514-7693
lisa.hemann@usdoj.gov
javier.torres@usdoj.gov

*Attorneys for Defendant*

*/s/ Alicia J. Paller*
Alicia J. Paller